# UNITED STATES DISTRICT COURT
## for the
## Western District of Kentucky
## Louisville Division

Dana Wilkins )
    *Plaintiff* )
)
v. ) Case No. 3:17-cv-207-DJH
)
LVNV Funding, LLC )
    *Defendant* )
Serve: )
    Corporation Service Company )
    2711 Centerville Road, Suite 400 )
    Wilmington, DE 19808 )
)

## COMPLAINT and DEMAND FOR JURY TRIAL

\*   \*   \*   \*   \*

### INTRODUCTION

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

    3.    Plaintiff Dana Wilkins is a natural person who resides in Bullitt County, Ky. Ms. Wilkins is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

    4.    Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, which has not registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debts from creditors and collecting these debts in this state. LVNV's principal place of business is located at Bank of America Building, 200 Meeting Street, Suite 206, Charleston, SC 29401-3187.

    5.    LVNV regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15

U.S.C. § 1692a(6).

## RELEVANT FACTS

6. On April 15, 2009, Arrow Financial Services, LLC ("Arrow") filed suit against Ms. Wilkins in Bullitt District Court in Case No. 09-C-00457 (the "State Court Lawsuit").

7. A true and accurate copy of Arrow's complaint in the State Court Lawsuit is attached as Exhibit "A."

8. Arrow's complaint was an attempt to collect a charged-off credit card debt issued by Citibank, N.A.

9. Arrow moved for and was granted default judgment against Ms. Wilkins on November 30, 2009 (the "Default Judgment").

10. A true and accurate copy of the Default Judgment is attached as Exhibit "B."

11. The Default Judgment provides in pertinent part:

> **DEFAULT JUDGMENT**
>
> This action coming on to be heard on the plaintiff's complaint, it is considered and adjudged that the plaintiff, Arrow Financial Services, LLC, recover of the defendant Dana Wilkins, the sum of $1,710.46 plus interest at the rate of 8.00 % per annum from April 06, 2005 until date of judgment, then 12.00 % per annum thereafter from the date of judgment until paid, and the further sum of $393.41 attorney's fees pursuant to KRS 286.3-750 and it's court costs, for all of which execution may issue forthwith.
>
> This is a final Judgment and there is no just reason for delay in this entry.

12. While the Default Judgment awards Arrow its "court costs," no amount of court costs is included or set forth in the Default Judgment.

13. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the

> successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

14. The purpose of requiring the prevailing party to file a bill of costs is twofold: (i) to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and (ii) to subject the award of costs to judicial oversight and review.

15. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

16. Arrow did not file a bill of costs in the State Court Lawsuit.

17. Arrow did not serve a bill of costs on Ms. Wilkins.

18. There is no supplemental judgment entered in the State Court Lawsuit awarding Arrow costs.

19. The 8.00% interest from April 06, 2005 constitutes prejudgment interest under KRS 360.010 that Arrow accrued on the Citibank debt from the date the Citibank charged off the debt. Arrow had no legal right to charge, accrue, or collect this interest from Ms. Wilkins. *Unifund CCR Partners v. Harrell*, 509 S.W.3d 25 (Ky. 2017).

20. On November 31, 2011, LVNV filed a notice of transfer of interest in the Bullitt District Court action.

21. At the time Arrow transferred its interest in the Default Judgment to LVNV, Arrow did not have any right to collect any court costs from Ms. Wilkins because at no time prior to the assignment did Arrow file a bill of costs in the Bullitt District Court case.

22. Because Arrow had no right to recover court costs at the time of the transfer of interest to LVNV, LVNV did not receive any right to collect court costs from Ms. Wilkins under the transfer of interest.

23. "[A]n assignee such as [LVNV] acquires no greater right than was possessed by his assignor, here [Arrow], but simply stands in the shoes of the latter, subject to all equities and defenses which could have been asserted against the chose in the hands of the assignor at the time of the assignment." *Whayne Supply Co. v. Morgan Const. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969).

24. On January 23, 2017—over seven years *after* the Bullitt District Court entered the Default Judgment—LVNV filed a Bill of Costs in the Bullitt District Court action.

25. Under Kentucky law, a Bill of Cost must be filed within a "reasonable time" after entry of judgment. *Brett v. Isaac*, No. 2008-SC-000712-MR, 2009 WL 2707092, at *2, n.3 (Ky. Aug. 27, 2009).

26. Seven years *after* entry of judgment is not a reasonable time.

27. The court costs itemized in the Bill of Costs comprised sums expended by Arrow and not LVNV.

28. LVNV could not legally recover the court costs itemized in the Bill of Costs from Ms. Wilkins.

29. On February 24, 2017, LVNV filed and served a wage garnishment on Ms. Wilkins' employer (the "Garnishment").

30. A true and accurate copy of the Garnishment is attached as Exhibit "C."

31. The Garnishment provides in pertinent part:



32. The February 24th Garnishment includes court costs that LVNV has no legal right to collect from Ms. Wilkins.

33. The "Probable Court Costs" of $20.00 consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

34. LVNV violated the FDCPA by misrepresenting the amount of the Citibank credit card debt and by collecting and attempting to collect additional fees and costs from Ms. Wilkins that it had no legal right to collect from her.

### Claims for Relief

**I.    Violations of the FDCPA**

35. The foregoing acts and omissions of LVNV Funding, LLC constitute violations of the FDCPA, including, but not limited to violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Dana Wilkins requests that the Court grant her the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com